■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TERRY D. RUGG, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered June 5, 1972, convicting defendant, on his plea of guilty, of criminal possession of a forged instrument in the second degree. On December 31, 1971, defendant attempted to pass forged checks in the amounts of $141.15 at the A & P Market, Menands, New York and Shop-Rite Market, Colonie, New York. Subsequent to an arrest and giving of the *Miranda* warnings, he made oral admissions against his interests. A *Huntley* hearing was held which resulted in a denial of a motion to suppress the oral admissions. On April 24, 1972, defendant entered a plea of guilty to one of the indictments in open court in the presence of his counsel who had represented him throughout the entire proceedings. He was subsequently sentenced to an indeterminate sentence with a maximum of three years. At the time of accepting the plea of guilty, the court inquired as to the acts charged in the indictment and informed defendant of the consequences of his plea of guilty. It is clear the defendant, prior to admitting the acts charged in the indictment, fully understood the nature and consequences of his plea. The acceptance thereof was proper (*People* v. *Bressette,* 39 A D 2d 794; *People* v. *Schiskey,* 39 A D 2d 608). Judgment affirmed. Greenblott, J. P., Cooke, Kane, Main and Reynolds, JJ., concur.

■ JANE A. FRITZ et al., Appellants, v. STATE OF NEW YORK et al., Respondents. (Claim No. 50190.)— Appeal from a judgment of the Court of Claims which dismissed claimants' claim for personal injuries. On July 11, 1968 Jane Fritz sustained injuries when a board in a dock broke while she was alighting some two feet from her cabin cruiser with a mattress under each arm at a State Campsite on an island in Lake George. After a trial, the Trial Judge concluded that "based on all of the proof and testimony, the Court finds that the State, its agents and employees, had acted in a reasonable and prudent manner insofar as the construction, maintenance and installation of this dock facility prior to the accident, and that this occurrence was not foreseeable, under these circumstances. There is nothing in this record to sustain a finding that the State had any prior notice either constructive or actual as to a defective condition of this board." We concur on the basis of the instant record. There is absolutely no acceptable proof that the board was, in fact, rotten or decayed as claimants suggest. Nor is there proof that the dock was improperly constructed, the very most that claimants established is that the preservative used in treating the wood should have contained a "fungicide" and that "pressure treated" western hemlock or fir would have made a "better" dock than the rough native white pine utilized by the State. Nor is there any proof that the State's maintenance or inspection of the dock was improper. It would be an impossible task for the State to probe every inch of every board for rot or decay on the hundreds of State maintained docks on Lake George. Finally, there is absolutely no proof that the State had any notice, actual or constructive, of the condition. As the trial court noted, thousands of people used this facility each year and noticed no observable defect or even questionable condition, nor was there any such incidents ever reported at any other similar facility. Accordingly, the judgment of the trial court must be affirmed (see, e.g., *Harrow* v. *State of New York,* 21 A D 2d 571, affd. 17 N Y 2d 619). Judgment affirmed, without costs. Greenblott, J. P., Cooke, Kane, Main and Reynolds, JJ., concur.